Terry CLIFTON, Plaintiff–Appellant,

v.

Don SUNDQUIST; Charles Traughber; Gayle Barbee; Dorothy M. Greer; Odie Jones; Colis Newble; E. Daryle Cluck; James Beard; Donald R. Rockett; Thomas Bester; Theresa Richardson; Anita Davis Brooks; Don Dills; Sheila Swergian, Defendants–Appellees.

No. 00–5676.

United States Court of Appeals, Sixth Circuit.

Jan. 26, 2001.

Before BOGGS and MOORE, Circuit Judges; COHN, District Judge.*

This pro se Tennessee state prisoner, proceeding in forma pauperis, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and 1986. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary damages, injunctive relief, and a declaratory judgment, Terry Clifton sued the Governor of the State of Tennessee (Don Sundquist), the Chairman of the Tennessee Board of Paroles (Charles Traughber), eleven Board of Paroles employees (Gayle Barbee, Dorothy M. Greer, Odie Jones, Colis Newble, E. Daryle Cluck, James Beard, Donald R. Rockett, Thomas Bester, Theresa Richardson, Don Dills, and Sheila Swergian), and his former girlfriend (Anita Davis Brooks). Clifton sued the named state employees in their individual and official capacities. Clifton claimed that the defendants violated his constitutional rights because they improperly revoked his parole and because they subsequently denied him parole.

The district court determined that Clifton's claims were untimely and not the proper subject for a civil rights action. Accordingly, the district court dismissed Clifton's complaint as frivolous without prejudice to Clifton's right to pursue his claims in a 28 U.S.C. § 2254 habeas corpus action.

In his timely appeal, Clifton reasserts the claims that he set forth in the district court.

This court reviews de novo a district court order dismissing a complaint pursuant to 28 U.S.C. § 1915(e). *See* *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). A complaint may be dismissed as frivolous if the claims lack an arguable or rational basis in law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist. *See id.* at 327–28, 109 S.Ct. 1827.

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

■ Upon review, we conclude that the district court properly dismissed Clifton's complaint. Clifton claims that he was denied due process and equal protection when his parole was revoked, and when he was later denied parole. Federal courts apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. § 1983. *See Wilson v. Garcia,* 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). The one year statute of limitations period contained in Tenn.Code Ann. § 28–3–104(a)(1) applies to civil rights claims arising in Tennessee. *See Jackson v. Richards Medical Co.,* 961 F.2d 575, 578 (6th Cir.1992). Clifton was released from prison on parole in April of 1996. Twenty months later, he was arrested on a parole violator warrant. On June 17, 1998, Clifton's parole was revoked. Later that year (Nov.1998), that decision was affirmed. In July of 1999, Clifton was denied parole. Clifton filed his civil rights complaint on March 8, 2000. Thus, to the extent that Clifton claims that the defendants violated his constitutional rights when his parole was revoked (June 17, 1998), or when that decision was affirmed (Nov.1998), his claims are time-barred. At best, Clifton had until November of 1999 to file his complaint. He exceeded the limitations period by at least four months, and nothing in the record indicates that the limitations period should be tolled to permit the belated complaint.

■ In addition, to the extent Clifton claims that he was wrongly denied parole in July 1999, he failed to state a claim under § 1983 as his challenge to the parole board's decision, in essence, is a challenge to the length of his sentence. A state prisoner does not have a cognizable claim under § 1983 if a ruling on his claim would necessarily render his sentence or conviction invalid until his conviction or sentence

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been questioned by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Furthermore, the claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is the appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). Clifton's confinement has not been remedied by any of the aforementioned procedures. Thus, his claim is not cognizable under 42 U.S.C. § 1983 and the district court did not err by dismissing the complaint without prejudice to Clifton's right to seek habeas relief pursuant to 28 U.S.C. § 2254.

Accordingly, we affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.